UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LULA M. TAYLOR, | Case No. 3:25-cv-00603-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| DAVID A. HARDY, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

*Pro se* Plaintiff Lula M. Taylor, filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1) and a civil rights complaint under 42 U.S.C. § 1983 (ECF Nos. 1-1, 1-3 ("Complaint")) against state court judge, Judge David Hardy, in his individual and official capacities, the Second Judicial District Court ("state court"), and Peppermill Casino, d/b/a Western Village Inn and Casino ("Peppermill") for events relating to an underlying personal injury case against Peppermill. (ECF No. 1-1 at 2-3; ECF No. 1-3 at 1.) Before the Court is United States Magistrate Judge Craig S. Denney's Report and Recommendation ("R&R") (ECF No. 3), screening the Complaint and recommending the Court grant Taylor's IFP application (ECF No. 1) and dismiss the Complaint without leave to amend and with prejudice as to Defendants state court and Judge Hardy and without prejudice as to Defendant Peppermill. (ECF No. 3 at 8.) Taylor now timely objects (ECF No. 5 ("Objection"))[1] to the R&R.[2] As further explained below, the Court overrules Taylor's Objection and adopts the R&R in full.

---

[1]Taylor's Objection is 46 pages long, exceeding the 24-page limit for responses to motions under LR 7-3. Although Taylor cites legal authorities in support, the Court finds that those authorities do not affect the outcome of this case.

[2]Taylor subsequently filed a "motion for reassignment" (ECF No. 7) and motion to vacate (ECF No. 8), which the Court denies as moot.

## II.   RELEVANT BACKGROUND

The Magistrate Judge screened Taylor's Complaint and recommended dismissal with prejudice and without leave to amend. (ECF No. 3 at 3-4.) The following brief facts are taken from the R&R and adapted from the Complaint.

This case arises from a state-court personal injury action filed against Peppermill. On October 30, 2023, Defendant Judge Hardy granted partial summary judgment on several of Taylor's claims asserted against Peppermill. (ECF No. 3 at 3.) Taylor alleges that Judge Hardy then closed the case without permitting her to proceed to trial or otherwise entering final judgment (*Id.*) Taylor further alleges that, as a result, she has been deprived of her right to appeal the state-court proceedings. (*Id.*) Taylor seeks declaratory relief and injunctive relief directing the state court to reopen the case and enter final judgment, as well as an injunction prohibiting Defendants from engaging in "similar unconstitutional practices." (ECF No. 1-3 at 2-4.) The Complaint further alleges that Taylor sustained "physical" and "emotional" injuries to her hands, arms, and shoulders in the underlying personal injury action as a result of an alleged assault and battery by Peppermill casino security personnel, which Taylor contends Judge Hardy later "unconstitutionally dismissed." (ECF No. 1-1 at 5; ECF No. 3 at 7.)

## III.   DISCUSSION[3]

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, a party timely objects to a magistrate judge's R&R, the Court must "make a *de novo* determination of those portions of the R&R to which objection is made." *Id.* The Court's review is thus *de novo* because Taylor filed her Objection (ECF No. 5). First, the Court agrees that dismissal with prejudice is warranted as to Defendants Second Judicial District Court and Judge Hardy on immunity grounds. The state court is an "arm" of the State of Nevada and therefore is not a "person" subject to suit under § 1983; it is thus

---

[3]The Court incorporates by reference Judge Denney's description of the background of the case and recitation of pertinent allegations in the Complaint, provided in the R&R. (ECF No. 3 at 3-4.)

entitled to sovereign immunity under the Eleventh Amendment. *See Munoz v. Super. Ct. of L.A. Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024); *see also Allen v. Cooper*, 589 U.S. 248 (2020) ("[A] federal court [generally] may not hear a suit brought by any person against a nonconsenting State.") In addition, because the allegations against Judge Hardy arise from actions taken in his judicial capacity in presiding over Taylor's state-court case, the claims against him are barred by absolute judicial immunity. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). Second, the Court agrees that dismissal without leave to amend, but without prejudice, is warranted as to Defendant Peppermill. This is because the Complaint's allegations concerning Peppermill are overly vague, conclusory, and untethered to any specific claim for relief and therefore fail to state a claim upon which relief may be granted.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the case before the Court.

It is therefore ordered that Taylor's Objection (ECF No. 5) to Judge Denney's Report and Recommendation (ECF No. 3) is overruled.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 3) is accepted and adopted in full.

It is further ordered that Taylor IFP application (ECF No. 1) is granted.

It is further ordered that the Clerk of Court file the Complaint (ECF Nos. 1-1, 1-3).

It is further ordered that the Complaint is dismissed without leave to amend and with prejudice as to Defendants Second Judicial District Court and Judge Hardy.

It is further ordered that the Complaint is dismissed without prejudice to the filing of a new complaint in a new action against Defendant Peppermill.

It is further ordered that Taylor's motion for reassignment (ECF No. 7) and motion to vacate (ECF No. 8) are denied as moot.

It is further ordered that the Clerk of Court enter judgment in accordance with this Order and close this case.

DATED THIS 5th Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE