UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LULA M. TAYLOR, Plaintiff, v. DAVID A. HARDY, *et al.*, Defendants. | Case No. 3:25-cv-00603-MMD-CSD ORDER |

*Pro se* Plaintiff Lula M. Taylor initiated this action against state court judge, Judge David Hardy, in his individual and official capacities, the Second Judicial District Court, and Peppermill Casino, d/b/a Western Village Inn and Casino for events relating to an underlying personal injury case against Peppermill. (ECF No. 1-1 at 2-3; ECF No. 1-3 at 1.) The Court screened Plaintiff's proposed complaint and dismissed this action. (ECF No. 9.) Since then, Plaintiff has filed eight motions, including a motion to disqualify the judges assigned to this case. (ECF Nos. 12, 17, 18, 19, 20, 21, 22, 23.) These motions are summarily denied as frivolous.

The Court will briefly address only the motion to disqualify (ECF No. 17 ("Motion")). Plaintiff moves for disqualification under 28 U.S.C. §§ 144[1], 455(a) and (b)(1). The starting

[1]28 U.S.C. § 144 provides a process for adjudication of a challenge to the presiding judge's alleged bias or prejudice. Section 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel

point for review of Plaintiff's Motion is the "general proposition" that the presiding judges must participate in cases assigned to them. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008). But the judge should recuse themselves if their "impartiality might reasonably be questioned." *Id.*; *see also* 28 U.S.C. § 455(a). Section 455(a) requires an objective inquiry. *See Holland*, 519 F.3d at 912-14. However, this objective standard "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id*. at 913 (citation omitted). As to Section 455(b)(1), the assigned judges must also disqualify themselves where they have "a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(b)(1).

Plaintiff acknowledges that "adverse judicial rulings, standing alone, ordinarily do not establish bias or require recusal." (ECF No. 17 at 2.) However, the grounds Plaintiff offers to support her Motion—that the records support recusal of both judges—all relate to the Court's rulings. (ECF No. 17.) Plaintiff offers no evidence of bias or prejudice, and the Court must therefore deny her Motion.[2]

It is therefore ordered that Plaintiff's pending motions (ECF Nos. 12, 17, 18, 19, 20, 21, 22, 23) are denied.

DATED THIS 31st Day of July 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

of record stating that it is made in good faith.

Here, Plaintiff filed her Motion and supporting affidavit after judgment had been entered. Regardless, as discussed herein, Plaintiff offers no evidence of bias or prejudice.

[2]Plaintiff's remedy for disagreeing with the Court's adverse rulings is to appeal these rulings. And Plaintiff has filed a notice of appeal. (ECF No. 16.)